UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Brett Catoe, *a/k/a Brett James Catoe*, | ) C/A No. 9:17-2234-JFA-BM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Warden Sharp; Warden Tuesdale; NFN Brown, *D.H.O. Officer*; Capt. Williams; | ) |
| Defendants. | ) |

The Plaintiff, Brett Catoe, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC). In this action, Plaintiff appears to allege that his due process rights were violated as to a disciplinary hearing conviction in which he lost good-time credits.

Plaintiff filed a motion for a temporary restraining order in which he requests that he be placed on protective custody or be granted a bond because he claims he is in danger and should be released as he has served 85% of his sentence. With respect to any claim for injunctive relief, such relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), judgment vacated on other grounds, 559 U.S. 1089 (2010); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)). In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the

likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be satisfied. The Real Truth About Obama, Inc., 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief." The Real Truth About Obama, Inc., 575 F.3d at 346 (citing Winter, 555 U.S. at 19-22).

Here, Plaintiff has failed to show entitlement to a TRO. He has merely articulated his subjective, speculative belief that he will be in danger after Defendants are served with this action. Analysis of the four factors reveals that to the extent that Plaintiff's motion is one for a preliminary injunction, it also fails. First, Plaintiff has not asserted any facts to make a clear showing that he is likely to succeed on the merits of his Complaint. In his motion, he requests that he be transferred to statewide protective custody, but there is no indication that he has made such a request to prison officials. Plaintiff also requests that a bond be set so he can be released from prison, but release from prison is not available in a civil rights action. See Heck v. Humphrey, 512 U.S. 477, 481(1994)[stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]; Preiser v. Rodriguez, 411 U.S. 475, 487–88 (1973)[attacking the fact or length of confinement is within the core of habeas corpus]. As to the second factor, Plaintiff has not made a clear showing that he is likely to be irreparably harmed if preliminary relief is denied. Rather, he merely speculates that he will be retaliated against once

2

prison officials learn of this lawsuit. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) [holding that a court will not grant a preliminary injunction unless the petitioner first makes a "clear showing" that he will suffer irreparable injury without it, and that the harm "must be neither remote nor speculative, but actual and imminent"]. Third, Plaintiff has not alleged any facts to indicate that the balance of equities tips in his favor, and finally, Plaintiff has not alleged that an injunction is in the public interest. See Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006); see also Winter, 555 U.S. at 20 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

## Recommendation

Based on the foregoing, it is recommended that Plaintiff's motion for a TRO or for a preliminary injunction (ECF No. 2) be denied without prejudice.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

December 15, 2017
Charleston, South Carolina

p3

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



4