IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Brett Catoe, *a/k/a Brett James Catoe*,<br><br>Plaintiff,<br><br>v.<br><br>Warden Sharp; Warden Tuesdale; NFN Brown, *D.H.O. Officer*; Capt. Williams,<br><br>Defendants. | C/A No. 9:17-2234-JFA-BM<br><br>**ORDER** |

This matter is before the Court on the *pro se* Plaintiff Brett Catoe's ("Plaintiff") motion for a temporary restraining order ("TRO") in which he requests that he be placed in protective custody or be granted a bond because he claims that he is in danger and should be released. (ECF No. 2). Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915.[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.), the case was referred to a Magistrate Judge for Review.

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation and opines that Plaintiff's Motion should be denied without prejudice. (ECF No.

---

[1] Because the complaint was filed pursuant to 28 U.S.C. § 1915, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if, after being liberally construed, it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

22 p. 3). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff was advised of his right to object to the Report, which was entered on the docket on December 19, 2017. (ECF No. 22). The Magistrate Judge required Plaintiff to file objections to the Report by January 2, 2018. (ECF No. 22). However, that time has passed, and Plaintiff failed to file objections to the Report.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the Magistrate's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Magistrate's Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Magistrate's Report (ECF No. 22). Thus, Plaintiff's Motion for a TRO or for a preliminary injunction (ECF No. 2) is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

January 16, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge