UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brett J. Catoe a/k/a Brett James Catoe,　　) | C/A No. 9:17-2234-JFA-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Warden Sharp; Warden Truesdale; NFN ) | |
| Brown; and Capt. Williams, ) | |
| ) | |
| Defendants. ) | |

The *pro se* plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC"). He brought this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights by the defendants.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the court's orders.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

By order of November 14, 2017 (ECF No. 9), the plaintiff was advised by the Magistrate Judge that his case was not in proper form and he was provided instructions and forms to bring the case into proper form for judicial screening. After the time expired and no response was received from the plaintiff, the Magistrate Judge entered a Report and Recommendation (ECF No. 11) suggesting that the district court dismiss the action without prejudice for failure to bring the case into proper form.

In that Report and Recommendation, the Magistrate Judge also advised the plaintiff that if he satisfied the requirements for proceeding with this case as was set forth in the proper form Order within the time set forth for filing objections to this Report and Recommendation, the Clerk would be directed to vacate the Report and Recommendation and return the file to Magistrate Judge for further handling. The Magistrate Judge also noted in his Report that if the plaintiff failed to do so, then at the end of the time for filing objections, the Clerk would forward the Report and Recommendation to the District Judge for disposition.

It appears from the docket that on or about December 15, 2017, the plaintiff submitted the necessary service forms to the Clerk of Court. Thereafter, the Magistrate Judge issued orders (ECF Nos. 15, 20, 21) vacating the Report and Recommendation, granting in forma pauperis status, and authorizing service of process on the defendants.

On December 19, 2017, the Magistrate Judge issued another Report and Recommendation (ECF No. 22) opining that the plaintiff's motion for a temporary restraining order be denied without prejudice. After the objection deadline passed with no

response from plaintiff, the court reviewed and adopted the Magistrate Judge's report and the motion for a temporary restraining order was denied (ECF No. 26).

On April 2, 2018, the defendants filed a motion to dismiss. An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising the plaintiff that he had 31 days to respond to the motion to dismiss. That order, mailed to the plaintiff at his last known address at Lieber Correctional Institution, was returned to the Clerk of Court by the U.S. Postmaster on April 13, 2018, with the envelope marked "Return to sender, refused, unable to forward, Lancaster Co. Community Supervision." No change of address has been filed on the docket by the plaintiff.

In the Magistrate Judge's Report and Recommendation now before this court (ECF No. 35), the Magistrate Judge suggests that despite the earlier warnings to the plaintiff to keep the Clerk's Office informed in writing if his address changes, the plaintiff has failed to comply with the court's orders and instructions and the court nor the defendants have any means of contacting the plaintiff. Therefore, the Magistrate Judge recommends dismissal, with prejudice, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

The Magistrate Judge also notes in the Report that if the plaintiff notifies the court within the time set for filing objections thereto, the Clerk is directed to vacate the Report and Return the file to the Magistrate Judge for further handling. And, if no objections are filed, the Clerk is directed to forward the Report to the district judge for disposition.

The plaintiff has not filed any objections or response to the Report, which was entered on the docket on March 13, 2018 (ECF No. 35), and the time within which to do so has

expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge has allowed the plaintiff ample time and opportunities to respond to the Magistrate Judge's orders and the plaintiff has failed to do so. It appears that the plaintiff meets all of the criteria for dismissal under Rule 41(b). See *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

After carefully reviewing the applicable laws and the record in this case, this court accepts the Magistrate Judge's Report and Recommendation and finds that the Report fairly and accurately summarizes the facts and applies the correct principles of law.

Accordingly, this action is dismissed with prejudice pursuant to Rule 41(b).

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

May 22, 2018
Columbia, South Carolina